UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAMAL KEELER | ) CASE NO. 1:16CV2288 |
| Petitioner, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| MARY POTTER, Warden., | ) ORDER ADOPTING REPORT AND |
| | ) RECOMMENDATION |
| Respondent. | ) |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, which was issued on June 11, 2018 (ECF #16). Petitioner, Ramal Keeler (hereafter "Mr. Keeler"), filed an Objection to the Report and Recommendation on July 16, 2018. (ECF #19). For the following reasons, the Report and Recommendation is hereby ADOPTED.

I. Factual and Procedural History

Mr. Keeler filed a *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (hereafter "§ 2254 Motion") on September 14, 2016. (ECF #1). Mr. Keeler is currently in the custody of the Ohio Department of Rehabilitation and Correction after being found guilty of two counts of rape and one count of kidnapping on July 14, 2016 following a bench trial in the Cuyahoga County Court of Common Pleas.[1] Mr. Keeler was sentenced to nine years for the merged rape charges and nine years for the kidnapping conviction, to be served concurrently.[2]

---

[1] See ECF #12-3, p. 9 (journal entries from Cuyahoga County Court of Common Pleas Case No. CR-14-584513).
[2] See ECF #8-1, pp. 4-5.

1

This conviction and sentence was affirmed by the state appellate court in May of 2015, and the Ohio Supreme Court declined to accept jurisdiction of this matter in September of 2016.[3] Mr. Keeler is arguing in the § 2254 Motion:

> GROUND ONE: The trial court erred in denying Appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction.
>
> GROUND TWO: The trial court erred by ordering convictions and a sentence for separate counts because the trial court failed to make a proper determination as to whether those offense are allied offenses pursuant to R.C. § 2941.25 and they are part of the same transaction under R.C. § 2929.14.

Magistrate Judge Greenberg found that Mr. Keeler's claims lack merit, and that the Petition should therefore be DENIED. This Court adopts the Magistrate Judge's recommendations for the reasons set forth below.

II.     Legal Analysis

As Magistrate Judge Greenberg properly indicates, this matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereafter "AEDPA"), 28 U.S.C. § 2254. Relevant provisions of the AEDPA state that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law...[or] resulted in a decision that was based on an unreasonable determination of the facts."

28 U.S.C. § 2254(d).

---

[3] See ECF #8-1, Ex. 6 and 10. Mr. Keeler also filed a Motion for a New Trial and Motion for Judicial Release on September 7, 2017. The Motion for Judicial Release was denied, and there has been no final ruling on the Motion for a New Trial.

Furthermore, habeas corpus applications under Section 2254(d) are meant to be a "guard against extreme malfunctions in the state criminal justice system," meaning a petitioner must show that the state court's ruling "was so lacking in justification that there was an error well-understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785-87 (2011). Therefore, this is a very high standard which is difficult for petitioner's to meet, and Magistrate Judge Greenberg finds that Mr. Keeler did not meet that burden herein. *Id.*

In his First Ground for Relief, Mr. Keeler claims that his convictions are not supported by substantial evidence, because the only evidence against him was the victim's testimony, which he deems "incredible." (ECF #1-1, pp. 8-10). Magistrate Judge Greenberg reviewed and cited the evidence within the trial transcript and found that the state appellate court reasonably determined Mr. Keeler's convictions were supported by substantial evidence, and that the court correctly identified applicable law. (ECF #16, p. 16). Therefore, this Court agrees with Magistrate Judge Greenberg's finding that there is no basis to find that the state court decision was contrary to, or involved the unreasonable application of, clearly established federal law. For these reasons, Mr. Keeler's First Ground for Relief is DENIED.

In his Second Ground for Relief, Mr. Keeler argues that the state court erred when it failed to merge his allied offenses of rape and kidnapping convictions, claiming it is double jeopardy and a constitutional violation. (ECF #1-1, p. 4). Magistrate Judge Greenberg indicates that the appellate court, after a *de novo* review of the evidence, determined that the kidnapping was a "long chain of events" not merely incidental to the rape, therefore, the offenses could not be merged. (ECF #16, p. 24-25 *citing State v. Williams*, 134 Ohio St.3d 482, 488 (2012)). This

Court agrees with Magistrate Judge Greenberg's finding that since the appellate court properly applied Ohio law to the factual evidence presented, it is obligated to defer to the appellate court's finding that Mr. Keeler's rape and kidnapping convictions were not subject to merger. (p. 24). For these reasons, Mr. Keeler's Second Ground for Relief is DENIED.

   III.   Conclusion

For the reasons set forth herein, this Court ADOPTS the Report and Recommendation of Magistrate Judge Greenberg. (ECF #16).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Court

Date: September 18, 2018